IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 00-CR-107-TCK |
| ) | (03-CV-141-TCK-SAJ) |
| JOHNNY RAY BASHAM, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 48) filed by Defendant Johnny Ray Basham ("Defendant" or "Basham"). Basham also filed a brief in support of his § 2255 motion. The Government filed a response (Dkt. # 56). Basham filed a reply (Dkt. # 57). For the reasons discussed below, Basham's § 2255 motion shall be denied.

### *BACKGROUND*

On August 8, 2000, Basham was charged with possession with intent to distribute methamphetamine (Count 1), possession of a firearm in furtherance of a drug trafficking crime (Count 2), and possession of a firearm after former conviction of a felony (Count 3). See Dkt. # 1. He was represented throughout the district court criminal proceedings by attorney Paul Brunton. Basham filed a motion to suppress asserting Fourth Amendment violations. See Dkt. # 9. After holding a hearing on the motion to suppress, the Court denied the motion. See Dkt. # 24. Jury trial commenced on October 30, 2000. On October 31, 2000, the jury returned its verdict (Dkt. # 34) finding Basham guilty as charged. On January 11, 2001, Basham was sentenced to 240 months imprisonment on Count 1, 264 months on Count 3, to run concurrently; and 60 months imprisonment on Count 2, to run consecutively with Counts 1 and 3, for a total term of

imprisonment of 324 months. He was also sentenced to three (3) years supervised release as to Count 1, and five (5) years of supervised release as to Counts 2 and 3, to run concurrently, and fined $1,000. See Dkt. # 36. Judgment (Dkt. # 37) was entered January 16, 2001.

Basham appealed to the Tenth Circuit Court of Appeals. After filing the notice of appeal and opening brief on appeal, Basham's attorney, Paul Brunton, left private practice and became the Federal Public Defender for the Northern and Eastern Districts of Oklahoma. Attorney R. Thomas Seymour entered his appearance in the Tenth Circuit and represented Basham at oral argument. On appeal, Basham challenged the denial of his motion to suppress and subsequent convictions by arguing that (1) the police officer's alleged intentional withholding of information from the affidavit in support of a no-knock search warrant for his home invalidated the warrant, (2) the officer's exaggeration of defendant's criminal history in the affidavit invalidated the warrant, (3) the authorization of a no-knock entry based upon Defendant's individual conduct was insufficient, (4) information in the affidavit supporting the warrant was stale, and (5) the instructions concerning the offense of possession of a firearm in furtherance of a drug trafficking crime were inadequate. By Order dated October 22, 2001, the Tenth Circuit rejected Basham's claims and affirmed this Court's judgment. See United States v. Basham, 268 F.3d 1199 (10th Cir. 2001); Dkt. # 43.

On January 2, 2002, Basham filed a petition for writ of *certiorari* at the Supreme Court. See Dkt. # 46. That petition was denied on March 18, 2002. See Dkt. # 47; Basham v. United States, 535 U.S. 945 (2002).

On February 26, 2003, Basham filed the instant § 2255 motion (Dkt. # 48). He alleges that he received ineffective assistance of counsel as follows: (1) counsel failed to investigate and discover information to invalidate the affidavits leading to issuance of the search warrants, (2)

counsel performed deficiently on appeal "in not raising a viable issue that carried more merit than the issues raised," (3) counsel refused to complete the initial appeal process, (4) counsel had a conflict of interest, and (5) counsel failed to raise Fourth Amendment claims arising from an excessive use of force during the execution of the search warrant and from the use of the media in videotaping the execution of the warrant. See Dkt. # 48 (attached supporting brief).

## *ANALYSIS*

### A. Evidentiary hearing

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

### B. Section 2255 claims lack merit

As stated above, Basham asserts that he received ineffective assistance of counsel at trial and on appeal. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." Id. at 690.  Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

When a defendant alleges his appellate counsel provided ineffective assistance by failing to raise an issue on direct appeal, the court examines the merits of the omitted issue. Cook, 45 F.3d at 392. If the omitted issue is without merit, counsel's failure to raise the issue does not constitute constitutionally ineffective assistance of counsel. Id. at 393.

The Court has reviewed Basham's allegations of ineffective assistance of counsel and finds that Basham has failed to satisfy the Strickland standard. Basham first argues that trial counsel provided ineffective assistance when he failed to investigate the factual allegations supporting the search warrants.  He claims that he told his attorney that the affidavit in support of the first search warrant, dated August 20, 1999, contained a false statement, that there was a shotgun in his home. He also complains that his attorney did not verify drug purchases by the confidential informants, did not verify the money used in the controlled buys, and failed to request a hearing under Franks v. Delaware, 438 U.S. 154, 155-56 (1978).

A search warrant must be voided and the fruits of the search suppressed where a court (1) finds that the affiant knowingly or recklessly included false statements in or omitted material information from an affidavit in support of a search warrant and (2) concludes, after excising such false statements and considering such material omissions, that the corrected affidavit does not support a finding of probable cause. Franks, 438 U.S. at 155-56; United States v. Kennedy, 131 F.3d 1371, 1376 (10th Cir. 1997). The record reflects that at the hearing on Basham's motion to suppress, Tulsa Police Officer Antonia Hill testified about preparation of the first affidavit, dated August 20, 1999. Basham's attorney thoroughly cross-examined Officer Hill. She admitted that the information concerning the shotgun was obtained from the confidential informant and that she had not seen a shotgun herself. See Supp. Hr'g Trans. at 33. She also testified that the drugs purchased by the confidential informant were destroyed by the police. Id. at 34-35, 51.

Upon review of the transcript of the suppression hearing, the Court finds Basham's attorney did not perform deficiently with regard to challenging the affidavits supporting the search warrants. In addition, even if Basham's attorney did perform deficiently, Basham has failed to demonstrate prejudice resulting from his attorney's failure to challenge the search warrants on the grounds asserted in the brief in support of the § 2255 motion. Even if there were no shotgun in Basham's home when the affidavit supporting the first search warrant was executed, the search warrant was, nonetheless, supported by probable cause. The Court notes that on direct appeal, the Tenth Circuit concluded that the search warrant issued in this case was valid. Basham, 268 F.3d at 1206. Nothing asserted by Basham would have altered that finding or the outcome of the suppression hearing. Strickland, 466 U.S. at 694.

The Court further finds that Basham was not entitled to an evidentiary hearing under Franks,

438 U.S. at 171 (requiring allegations of deliberate falsehood or of reckless disregard for the truth by the affiant in preparation of supporting affidavit to warrant evidentiary hearing). Basham makes no allegation and nothing in the record suggests that the police officer's preparation of the affidavit dated August 20, 1999, involved a deliberate falsehood or reckless disregard for the truth. As a result, there was no need for a Franks hearing and Basham's attorney did not perform deficiently in failing to request a Franks hearing.

Next, Basham asserts that his attorney provided ineffective assistance on appeal. Specifically, he claims his appellate counsel failed to challenge the sufficiency of the evidence supporting the § 924(c) conviction and that he "refused" to argue the appeal he had submitted. Under the test for evaluating the sufficiency of the evidence, as announced by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979), the government's evidence, taken as a whole, was sufficient for the jury to find beyond a reasonable doubt that Basham was guilty of violating 18 U.S.C. § 924(c).[1] Basham cites United States v. Iiland, 254 F.3d 1264 (10th Cir. 2001), for the proposition that the government's evidence failed to demonstrate that the firearms found in his garage were possessed in furtherance of a drug trafficking crime. The Court disagrees with Basham's characterization of the evidence. The record reflects that police recovered a lunch box containing several baggies of methamphetamine from the garage attached to Basham's home. See

---

[1] The Court notes that in the order affirming this Court's judgment and sentence, the Tenth Circuit addressed the adequacy of the instructions on the § 924(c) charge. The § 924(c) instruction advised the jury that in order to convict, it had to find that Basham possessed the firearms involved for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense. The instructions included the factors identified in United States v. Ceballos-Torres, 218 F.3d 409, 414 (5th Cir. 2000), for the jury to use in reaching its decision. The Tenth Circuit noted that the jury was explicitly instructed that the mere presence of a firearm at the scene was not enough to find possession and determined that the "instruction given fairly and accurately stated the law." Basham, 268 F.3d at 1208.

Tr. Trans. at 16, 19-24. Less than a foot away from the lunch box, police recovered an unloaded .45 caliber handgun. Id. at 41-44. About 5-10 feet away from the lunch box, police also found an unloaded .380 caliber semi-automatic handgun and an unloaded .32 caliber semi-automatic revolver. Id. at 43-44. The garage also contained a police scanner, id. at 39-40, and an operating surveillance monitor that received images from a surveillance camera focused on the front yard and front porch of the residence. Id. at 37-38, 63-64.  A safe containing $39,980 was found in the laundry room, about 15-20 feet from the drugs and guns. Id. at 33-36. That evidence, viewed in the light most favorable to the government, was sufficient for the jury to find beyond a reasonable doubt that Basham was guilty of violating 18 U.S.C. § 924(c). Thus, a challenge to the sufficiency of the evidence is meritless and appellate counsel did not perform deficiently in failing to raise the claim.

Basham also argues that his attorney provided ineffective assistance in failing to continue his representation throughout the entire appeal.  As indicated above, after filing the notice of appeal and opening brief on appeal, trial counsel Paul Brunton left private practice and became the Federal Public Defender for the Northern and Eastern Districts of Oklahoma. Although Mr. Brunton participated in preparing the brief on appeal, attorney R. Thomas Seymour represented Basham at oral argument. Even if that turn of events could be considered deficient performance by Mr. Brunton, Basham has failed to demonstrate that he suffered prejudice as a result.  He has presented no argument suggesting that the result of his appeal would have been different had Mr. Brunton represented him at oral argument. Nonetheless, citing United States v. Cronic, 466 U.S. 648, 659-60 (1984), Basham asserts that prejudice is presumed.  Basham has misapplied Cronic.  Prejudice is presumed under only limited circumstances, not present in this case. For example, prejudice is presumed in the complete absence or denial of counsel, or if counsel has been prevented from

assisting the accused during a critical stage of the proceeding. In this case, Basham was represented by counsel at all critical stages of his criminal proceedings. Prejudice is not presumed and Basham has failed to allege any factual basis for a finding of prejudice resulting from Mr. Seymour's representation at oral argument. As a result, Basham has failed to satisfy the prejudice prong of the Strickland standard and he is not entitled to relief under § 2255 on his claim of ineffective assistance of appellate counsel.

Basham next asserts that Mr. Brunton's job as public defender created a conflict of interest. He maintains that Mr. Brunton put his duties as public defender ahead of his duties owed to Basham and that, as a result, his representation was adversely affected. When a defendant claims a Sixth Amendment deprivation because of his attorney's conflict of interest, then the two-part Strickland analysis for ineffective assistance claims is modified slightly. See Burket v. Angelone, 208 F.3d 172, 184 (4th Cir. 2000). On a conflict of interest claim, petitioner must show (1) that his attorney had "an actual conflict of interest" and (2) that the conflict of interest "adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); Selsor v. Kaiser, 22 F.3d 1029, 1032 (10th Cir. 1994). An actual conflict arises when counsel "*actively* represents conflicting interests." United States v. Tatum, 943 F.2d 370, 375 (4th Cir.1991) (emphasis added). Once the petitioner establishes both an actual conflict of interest and an adverse effect on defense counsel's performance, then "prejudice to the defense is presumed and a new trial must be ordered." Id.; see Cuyler, 446 U.S. at 348-50. Basham is not entitled to relief on this claim because he has failed to demonstrate that Mr. Brunton in any way actively represented conflicting interests. Although Mr. Seymour represented Basham at the oral argument held on direct appeal rather than Mr. Brunton, Mr. Brunton did not represent any interest conflicting with Basham's interests. As a result, there was

no "actual conflict of interest." Basham's request for relief on this claim shall be denied.

As his final proposition of error, Basham alleges that counsel provided ineffective assistance when he failed to raise Fourth Amendment claims arising from an excessive use of force used in executing the search warrant and from the use of media in videotaping the execution of the warrant. Specifically, Basham alleges that he "received injuries as well as excessive force was used in handcuffing his 15 year old daughter." See Dkt. # 48, Brief in Support at 13. He further claims that his "right against undo publicity" was violated when "the Tulsa Police Department brought the media to videotape the execution of the warrant when no mention was made in the warrant to that effect, as well as showing his 15 year old daughter in handcuffs on television without parental consent." See id.  Contrary to Basham's allegations, however, the record reflects that at the suppression hearing, counsel did in fact argue that the police used excessive force in executing the warrant. See Supp. Hr'g Trans. at 163-64. In the Order denying Basham's motion to suppress (Dkt. # 24), this Court found that no injuries occurred during the execution of the search warrant and that even if excessive force were used, "such matters are properly redressed in a civil lawsuit, not by suppression of evidence." See Dkt. # 24 at 9. Furthermore, on direct appeal, the Tenth Circuit rejected Basham's claims that the search warrant was invalid because a police officer intentionally withheld information concerning the presence of the media during the execution of the warrant and that the high-risk execution of the warrant would take place at a time when there would be minor children in the home. Basham, 268 F.3d at 1204. Citing United States v. Ramirez, 523 U.S. 65, 71 (1998), the Circuit Court determined that "the method employed to execute a search warrant is not relevant to the questions of whether there was probable cause to issue the warrant or whether there was a showing of reasonable suspicion sufficient to justify a no-knock warrant." Id. In light of the

9

rulings cited above, the Court finds no basis for Basham's ineffective assistance of counsel claim related to execution of the search warrant.

In summary, the Court finds Basham has failed to satisfy the Strickland standard as to the assistance provided by his attorney at trial and on appeal. Basham's attorney did not perform deficiently at trial or on direct appeal because the underlying claims lack merit. Furthermore, nothing alleged by Basham convinces the Court that there is a reasonable probability that the outcome of the proceedings would have been different without the incidents of alleged deficient performance by counsel. Basham is not entitled to § 2255 relief on his ineffective assistance of trial and appellate counsel claims. Strickland, 466 U.S. at 687.

## *CONCLUSION*

Basham has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Basham's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 48) is **denied**.

2. A separate judgment in favor of the government shall be entered in this matter.

DATED this 21st day of August, 2008.

*[signature: Terence Kern]*

TERENCE KERN
UNITED STATES DISTRICT JUDGE